**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.

ERIN SCHONE, an individual,

    Plaintiff,

v.

SODEXO, INC., a Delaware corporation,

    Defendants.

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and D.C.COLO.LCivR 81.1, Defendant Sodexo, Inc. ("Sodexo"), by and through its attorneys, Erin A. Webber and Stephen E. Bauman II of Littler Mendelson, P.C., hereby removes the above-entitled action styled *Schone v. Sodexo*, Case No. 19CV171, from the District Court for the County of Arapahoe, Colorado, to the United States District Court for the District of Colorado. Copies of all pleadings are filed with this Notice under 28 U.S.C. § 1446(a). As grounds for removal, Sodexo states:

1. On June 24, 2019, Plaintiff Erin Schone filed a complaint ("Complaint") against Sodexo in the District Court for the County of Arapahoe, Colorado, styled *Schone v. Sodexo*, Case No. 19CV171. *See* Ex. A.

2. Although unclear from Plaintiff's pleading, Plaintiff appears to allege some claims relating to "workplace violence, harassment, retaliation, and discrimination" arising under the "case of McDonnell Douglas Corp. v. Green" and the "Federal mandated requirements of safety in the workplace." *See* Ex. A, ¶ 2.

3. Plaintiff served Sodexo at its principal place of business in Gaithersburg, Maryland, on July 11, 2019. *See* Ex. B, Aff. of Foreign Service.

4. Because this Notice of Removal is filed within thirty (30) days of Sodexo having been served with the Complaint, it is timely filed under 28 U.S.C. § 1446(b)(1). *See, e.g., Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999); *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F. Supp. 2d 1131, 1134 (D. Colo. 2004).

5. This Court has original jurisdiction under 28 U.S.C. § 1331 because at least one of Plaintiff's claims appears to arise under the Constitution and laws of the United States.

6. This Court also has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

### FEDERAL QUESTION JURISDICTION

7. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff presents a federal question.

8. Plaintiff's Complaint states that "siting [sic] the case of McDonnell Douglas Corp. v. Green the Defendant party Sodexo Inc. failed to maintain the Federal mandated requirements of safety in the workplace." Ex. A, ¶ 2; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

9. Plaintiff's Complaint further states that "In *McDonnell Douglas Corp. v Green,* the Supreme Court holds that a charging party can prove unlawful discrimination indirectly by showing, for example, in a hiring case that: (1) the charging party is a member of a Title VII

protected group; (2) he or she applied and was qualified for the position sought; (3) the job was not offered to him or her; and (4) the employer continued to seek applicants with similar qualifications. If the plaintiff can prove these four elements, the employer must show a legitimate lawful reason why the individual was not hired. The employee still may prevail if he or she discredits the employer's asserted reason for not hiring him or her." *See* Ex. A, ¶ 2; *see also McDonnell Douglas*, 411 U.S. at 802.

10. Plaintiff's Complaint also cites and relies upon the "OSHA Field Safety and Health Manual." Ex. A, ¶ 3.

11. Therefore, this is a civil action arising under the Constitution and laws of the United States. *See* 28 U.S.C. § 1331; *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) (holding that the presence of even one claim "arising under" federal law is sufficient for removal); *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1278 (11th Cir. 2003) ("For purposes of 28 U.S.C. § 1331 jurisdiction, all that is required is that there be an arguable claim arising under federal law."); *Thomas v. Bank of Am. Corp.*, 12-CV-00797-PAB-KMT, 2012 WL 1431224, at *2 (D. Colo. Apr. 25, 2012).

**DIVERSITY JURISDICTION**

12. Plaintiff is a citizen of Colorado. *See* Ex. C, District Court Civil Case Cover Sheet; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "place of residence is *prima facie* the domicile" of an individual).

13. Sodexo is a Delaware corporation with a principal place of business in Gaithersburg, Maryland. Ex. D, Periodic Report for Sodexo, Inc. filed with Colorado Secretary

of State.[1] As such, Sodexo is a citizen of Maryland. *See* 28 U.S.C. § 1332(c)(1); *Zimmerman Metals, Inc. v. United Eng's & Constructors, Inc., Stearns-Roger Div.*, 720 F. Supp. 859, 861 (D. Colo. 1989).

14. Thus, complete diversity of citizenship exists between the parties.

15. The amount in controversy also exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a). Plaintiff has provided a detailed "Prayer for Relief" that seeks more than $123,224.00 in lost wages and $369,672.00 in pain and suffering. *See* Ex. E, "Prayer for Relief"; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953-56 (10th Cir. 2008) (holding that a defendant may provide evidence of "plaintiff's informal estimates or settlement demands" to establish amount in controversy when the complaint is silent on the monetary amount sought).

## PROCEDURAL REQUIREMENTS

16. The action is pending in the District Court for the County of Arapahoe, Colorado. *See* Exs. A, C. Accordingly, under 28 U.S.C. §§ 85 and 1441(a), the United States District Court for the District of Colorado is the proper forum for removal.

17. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, and orders served and filed in the state court are attached as Exhibit F (Summons), Exhibit G (Delay Reduction Order), Exhibit H (Plaintiff's Proposed Case Management Order dated August 5, 2019), Exhibit I (Plaintiff's Amended Proposed Case Management Order dated August 6, 2019), and Exhibit J (the current docket sheet). *See* D.C.COLO.LCivR 8.1(b).

---

[1] The Court may take judicial notice of public records such as those corporate records filed aith a Secretary of State. *See, e.g., SBM Site Servs., LLC v. Severin*, No. 10-cv-762-WDM-MJW, 2010 WL 4235853, at *4 (D. Colo. Oct. 20, 2010) (taking judicial notice of Articles of Incorporation filed with the Colorado Secretary of State).

18. Pursuant to 28 U.S.C. § 1446(d), Sodexo will promptly provide written notice to Plaintiff of the removal of this action and will promptly file a copy of this Notice of Removal in the state court. Under D.C.COLO.LCivR 81.1(c), Sodexo states that it is not currently aware of any hearings set in the state court as of the date of this filing.

WHEREFORE, Sodexo, Inc. removes this action from the District Court for the County of Arapahoe, Colorado, to the United States District Court for the District of Colorado.

Dated: August 9, 2019.                     Respectfully submitted,


*s/Stephen E. Baumann II*
Erin A. Webber
Stephen E. Baumann II
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
ewebber@littler.com
sbaumann@littler.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2019, a true and correct copy of **DEFENDANT'S NOTICE OF REMOVAL** was filed and served via the CM/ECF system, which will send notification of such filing to the following. Additionally, I placed a true and correct copy of **DEFENDANT'S NOTICE OF REMOVAL** in overnight FedEx, addressed to the following.

    Erin Schone
    18534 East Layton Place
    Aurora, CO 80015
    erinschone@gmail.com

    *s/Arlene Aguilar*
    Arlene Aguilar