IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02283-SKC

ERIN SCHONE,

    Plaintiff,

v.

SODEXO, INC.,

    Defendant.

---

## ORDER RE: DEFENDANT'S MOTION TO DISMISS [#18]

---

This Order addresses Defendant's Motion to Dismiss Plaintiff's Amended Complaint. [#18.][1] The Court reviewed the Motion, all related briefing, the entire record, and applicable law. No hearing is necessary. For the following reasons, the Court GRANTS the Motion.

### A. BACKGROUND

Ms. Schone is a *pro se* litigant. Her Amended Employment Discrimination Complaint ("AC") is divided into three parts, each describing her short, yet tumultuous, employment with Sodexo. Claim One focuses on Ms. Schone's

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF.

interactions with her coworker, Christine, at Ralph's Café.[2] In June 2018, soon after being hired, Ms. Schone began having problems with Christine. [#15, p. 6 ¶6(a).] The AC alleges Christine directed "unwarranted disrespectful statements" in a demeaning tone toward Ms. Schone, and Christine was "aggressive" in conversations with her. [*Id.*] It further alleges Christine only behaved in this way toward Ms. Schone and her "two other white female co-workers. . .." [*Id.* p.7 ¶6(e).] Ms. Schone complained about Christine's behavior to the General Manager, the Kitchen Manager, and her trainer Asheley. [*Id.* p. 7 ¶¶6(f)-(g).] When she complained to Cal, he assured her he would take care of the issue. [*Id.* p.7 ¶6(g).] Instead of things improving, however, Ms. Schone alleges Christine acted more aggressively. [*Id.* p.8 ¶6(h).] Specifically, Christine's behavior worsened, and she did things to make Ms. Schone's job harder, was rude, and tried to shame her in front of coworkers. [*Id.* p.8 ¶6(h), p.9 ¶6(L), p.10 ¶6(n).]

The bad feelings between the two came to head on November 6, 2018, when Christine yelled at Ms. Schone about Ms. Schone's interaction with a customer who was dissatisfied with Christine's service. [*Id.* pp.10-11.] Ms. Schone alleges Christine yelled at her in the café before bringing her back to the office and yelling at her there. [*Id.* p.12 ¶6(t).] She says Christine grabbed her arm leaving marks and blocked her

---

[2] Defendant Sodexo Inc. hired Ms. Schone in May 2018. [#15 p. 5 ¶6.] She initially alleges she was hired to work at Jacob's Café, but her allegations mention only Ralph's Café and Main St. Café. Further, the AC largely identifies individuals only by first name; thus, the Court does the same.

2

ability to leave. [*Id.*] Once she was able to leave the office, Ms. Schone went back to cleaning. [*Id.* ¶6(v).] Sometime later, Britney became involved in the argument calling Ms. Schone back into the office where Christine was waiting. [*Id.* ¶7(a).] The argument escalated, and ultimately, Britney sent Ms. Schone home without pay. [*Id.*] Ms. Schone again complained to Cal about Christine's behavior and again was told he would talk to Christine. [*Id.* ¶8.] Over the next week, and as a result of her altercation with Christine, Ms. Schone experienced panic attacks resulting in her missing time from work, seeing a doctor for additional prescription medication, and finding other natural therapeutics. [*Id.* ¶9.] Ms. Schone stated she kept Cal appraised of her medical situation and he relocated her to the Main Street Café in December 2018. [*Id.*]

Unfortunately, things for Ms. Schone did not improve. Under Claim Two, she generally alleges that four days after starting at Main Street, she was subjected to sexual harassment by her male coworker, Jody. [*Id.* ¶10.] Ms. Schone texted Cal about the incident and informed her new manager, Joshua Frank. [*Id.* ¶10(a).] In response to Ms. Schone's sexual harassment allegations, Joshua initially said "so what?" [*Id.*] The next day, however, he told her to write a statement about the incident for HR. [*Id.*] Sometime later Ms. Schone reviewed her written statement with someone in HR. [*Id.* ¶11.] Ms. Schone states she told HR about her difficulties with Christine, her transfer, her new problems with Jody, and that she believed she was "working in a hostile work environment." [*Id.* ¶ 11(a).] Ms. Schone asked HR to

review the camera footage of her altercation with Christine. [*Id.* ¶11(d).] Sometime later, Joshua informed her the investigation was complete. [*Id.* ¶12.] When Ms. Schone pushed back and requested further information, Joshua yelled at her to "drop it," and said, "it's over." [*Id.*]

Under Claim Three, Ms. Schone describes continuing difficulties getting along with her coworkers and managers. She alleges her coworkers refused to speak with her, ordered her to do the work they did not want to do, moved her standing mat refusing to return it, and bad-mouthed her to customers. [*Id.* ¶¶12(a)-(b), 12(i)-(k).] Regarding management, Ms. Schone alleges, Joshua assigned her to a non-working cash register and then blamed her when she had problems using it. [*Id.* ¶¶12(k)-(m).] Ms. Schone also alleges Joshua prevented her from attending staff meetings and told her several times to "go find a different job." [*Id.* ¶¶14.]

Ms. Schone continued to complain about this behavior to Cal as the general manager, but on February 19, 2019, he told her to contact Joshua about anything having to do with HR. [*Id.* ¶14(b).] Later the same day, Joshua reiterated Cal's instruction to only contact him. [*Id.*] Ms. Schone alleges she was cut off when she tried to explain her actions and that Joshua screamed, "That's it Erin, your (*sic*) done, go look for another job." [*Id.* ¶14(c).] Believing she had been fired, Ms. Schone cleaned out her locker. [*Id.* ¶14(d).] Before she left, however, Joshua said he had not fired her; he only suspended her. [*Id.*] Ms. Schone alleges Joshua charged her with

4

insubordination and offered her the option to respond. [*Id.*] Ms. Schone states she responded but has not worked there since February 19, 2019. [*Id.* p.38.]

Ms. Schone filed a charge of discrimination with the Equal Employment Opportunity Commission on March 15, 2019, checking the boxes for discrimination based on sex and disability, and retaliation. [*Id.* pp.38-42.] The EEOC charge alleges she was denied a reasonable accommodation and was harassed when a male coworker engaged in inappropriate flirting with a female customer and when the same coworker made sexually suggestive comments to Ms. Schone. [*Id.* p.38.] She dual filed the charge with the Colorado Civil Rights Division. [*Id.* p.42.] The EEOC declined to take further action on the charge and provided Ms. Schone with her right to sue letter. [*Id.* p.36.]

## B. LEGAL STANDARDS

The Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). Moreover, because Ms. Schone proceeds *pro se,* her pleadings and other papers are construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[I]f the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of legal theories, his poor syntax and sentence construction, or his

5

unfamiliarity with pleading requirements." *Id*. But the Court cannot act as a *pro se* litigant's advocate. *Id*. The Court may not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor may a plaintiff defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting matters that were not pleaded. *Associated Gen. Contractors of Cal. Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). At the end of the day, *pro se* litigants must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Defendants seek dismissal of the claims against them under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The *Twombly-Iqbal* pleading standard requires that courts take a two-prong approach to evaluating the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or are mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second prong requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Accordingly,

6

in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). In other words, the court strips the complaint bare of the deficient allegations and determines whether the remaining allegations plausibly state a claim for relief.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id.* If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard is a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## C. ANALYSIS

**1.     Abandoned Claims**

Although she divides the AC into Claims One through Three, Ms. Schone alleges claims under a variety of state and federal legal theories, including: (1) Title VII; (2) Colorado Revised Statute § 24-34-402; (3) Colorado Revised Statute § 24-50-5-103; (4) Colorado Revised Statute § 8-4-120; (5) the Americans with Disabilities Act; (6) a *qui tam* action; and (7) a breach of contract claim based on Sodexo's employee handbook. The Motion seeks dismissal of each of these claims.

In her Response to the Motion, Ms. Schone provided no arguments in support of her *qui tam* action, breach of contract claim, or her claims arising under Colo. Rev. Stat. §§ 8-4-120 and 24-50-5-103. "When an argument upon a motion to dismiss that claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal." *Barnes v. AstraZeneca Pharm. LP*, 253 F. Supp.3d 1168, 1171 (N.D. GA May 23, 2017); *see also Gallegos v. Los Alamos Cty. Fire Dep't*, No. CIV 99-0511 JC/RLP, 2000 WL 36739802, at *1 (D.N.M. June 6, 2000) (dismissing and deeming three of plaintiff's claims abandoned where plaintiff's response failed to address defendants' arguments for dismissal of those claims on summary judgment), aff'd, 242 F.3d 388 (10th Cir. 2000) The Court deems these claims as having been abandoned by Ms. Schone based on her failure to raise any arguments in an effort to save them from dismissal. The Motion is GRANTED as to these claims.

2. **Federal Discrimination Claims**

   a. **Race and Color**

The AC alleges Title VII discrimination on the bases of sex, race, and color. The Motion argues the race and color claims should be dismissed because Ms. Schone failed to exhaust her administrative remedies.

Under the Tenth Circuit's decision in *Lincoln v. BNSF Rwy. Co.*, exhaustion of administrative remedies is not a jurisdictional pre-requisite to a Title VII action. *Lincoln*, 900 F.3d 1166, 1185 n.10 (10th Cir. 2018). Thus, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident . . . does not bar a federal court from assuming jurisdiction over a claim." *Id.* at 1183-85. Instead, a failure to exhaust a Title VII claim is considered an affirmative defense. *See Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018).

Thus, the Court construes the Motion as raising an affirmative defense of failure to exhaust. *See Lincoln*, 900 F.3d at 1185. The affirmative defense of failure to exhaust administrative remedies is appropriate in a motion to dismiss if "the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 Fed. App'x 854, 858 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Ms. Schone attached her EEOC Charge of Discrimination ("Charge") to the AC and it is central to her discrimination claims insofar as the question of proper exhaustion is concerned. Thus, the Court may consider it without converting the Motion to one for summary judgment. Sodexo points out the Charge does not check

9

the boxes for "race" or "color." [#15-2.] It argues, therefore, Ms. Schone failed to exhaust her remedies based on those two protected classes.

The failure to mark a particular box on an EEOC charge creates a presumption the charging party is not asserting claims represented by that box. *Khalifah v. Brennan*, No. 19-cv-2240-JAR-KGG, 2020 WL 1028299, at *4 (D. Kan Mar. 3, 2020). "The presumption may be rebutted, however, if the charge clearly sets forth the basis of the claim." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

Because Ms. Schone did not mark the boxes for "race" or "color," she presumptively was not asserting race or color claims in her Charge. *Id.* And the Court finds the face of the Charge only asserts claims for retaliation, and discrimination based on sex and disability. [#18, pp. 10-11.] This conclusion is bolstered by the Pre-Charge Inquiry form also attached to the AC. [#15-2, p.3.] There, Ms. Schone was asked: "Why do you think you were discriminated against?" The answer she completed starts with the prompt: "I think I was discriminated against because of:" Ms. Schone then checked only the box for "retaliation," leaving the boxes for "race" and "color" unchecked. [*Id.*]

In her Response, Ms. Schone says she did not know how to complete the Charge form and she took direction from the EEOC on how to complete it. [#22, p.2.] But this explanation seems to only concede the fact that the Charge does not claim race or color discrimination. And in the end of the day, *pro se* litigants must "follow the same rules of procedure that govern other litigants." *Nielsen,* 17 F.3d at 1277. The Court

10

finds the Charge is insufficient to rebut the presumption that Ms. Schone is not asserting claims for race or color discrimination. Accordingly, the Court GRANTS the Motion and dismisses Ms. Schone's discrimination claims based on race and color.

### b. Disability Discrimination

To survive a Rule 12(b)(6) motion, a plaintiff's ADA claim must plausibly allege: (1) she is an individual with a disability; (2) she is qualified, with or without a reasonable accommodation, to perform the essential functions of her job; and (3) she suffered an adverse action. *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015).

Here, the AC fails to plausibly allege Ms. Schone was a qualified individual with a disability. Specifically, while the AC alleges Ms. Schone suffers from panic attacks [#15, ¶¶6(t), 6(v), and 9.], it alleges no facts from which to infer she suffers from a "physical or mental impairment that substantially limit[s] one or more major life activities." 42 U.S.C. § 12102(1)(A). Even were the Court to assume Ms. Schone plausibly alleged a disability within the meaning of the ADA, the AC still fails to plausibly allege Sodexo treated her differently *because of* her disability. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (citing *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 178 (2009)). Indeed, the AC does not allege her coworkers or managers were even aware Ms. Schone was disabled such that their conduct could plausibly be inferred to be because of her claimed disability. Further, the AC fails to allege facts indicating Ms. Schone's unspecified disability required a reasonable

11

accommodation, or that Sodexo failed to provide the same. For these reasons, the AC fails to plausibly allege claims for disability discrimination. The Motion is GRANTED and these claims are dismissed.

### c. Gender Discrimination

To plausibly allege a gender discrimination claim, the plaintiff must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class. *Khalik*, 671 F.3d at 1192. Sodexo argues this claim should be dismissed because Ms. Schone failed to allege similarly situated employees outside her protected group were treated more favorably. [#18, p. 5.] The Court agrees.

The AC fails to allege others outside Ms. Schone's protected class—*i.e.*, men—were treated more favorably than her. For example, under Claim One she alleges Christine treated other women in the same disparaging manner in which Christine treated Ms. Schone. *See* [#15, ¶¶6(a), 6(i), and 6(p).] There are no allegations Christine, or anyone else in management, treated Ms. Schone's male co-workers differently or more favorably than Ms. Schone. As a result, the AC fails to plausibly allege a claim for gender discrimination. The Motion is GRANTED vis-à-vis its claims for gender discrimination.

### d. Sexual Harassment

Under Claim Two, Ms. Schone attempts to allege a claim for sexual harassment. The *prima facie* case of a sexual harassment claim includes these elements: (1) she is a member of a protected group; (2) she was subject to unwelcome conduct; (3) the harassment was based on her sex; (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of her employment and created an abusive working environment; and (5) defendant knew or should have known of the hostile work environment but did not adequately respond. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 650 (10th Cir. 2013). The Court finds the AC contains insufficient facts to plausibly allege the second, third, and fourth elements.

In conclusory fashion, the AC simply alleges Ms. Schone's male co-worker, Jody, sexually harassed her. There are no factual allegations of sexual harassment to support this conclusory statement. And the Court must disregard a complaint's conclusory statements to determine whether the remaining factual allegations plausibly allege a claim. *Khalik*, 671 F.3d at 1191. Doing that here, the Court is left with no factual allegations which plausibly allege a claim. In further example, the AC alleges no facts concerning the time, location, persons involved, or circumstances of any alleged sexual harassment. Without more, the AC fails to plausibly allege a sexual harassment claim. Thus, the Motion is GRANTED as it pertains to Ms. Schone's sexual harassment claims.

    **e.**    **Retaliation**

To establish a prima facie case of retaliation, a plaintiff must show (1) she engaged in protected opposition to discrimination; (2) a reasonable employee would have found the employer's alleged retaliatory action to be materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action. *Robinson v. Dean Foods Co.*, 654 F. Supp. 2d 1268, 1282–83 (D. Colo. 2009). In order for a complaint to qualify as one "protected" for purposes of a retaliation claim, the complaint must implicate unlawful discrimination. *Dean v. Computer Sci. Corp.*, 384 Fed. Appx. 831, 838 (10th Cir. 2010) ("[A]n employee's complaints regarding unfair treatment, no matter how unconscionable, cannot be 'protected opposition to discrimination' unless the basis for the alleged unfair treatment is some form of unlawful discrimination.") (quoting *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002)); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008) (general complaints about company management and a negative performance evaluation and which did not reference or complain about age discrimination were not protected complaints to support a retaliation claim).

The Court agrees with Defendant that the AC fails to plausibly allege Ms. Schone's complaints raised protected opposition to discrimination. While the AC alleges, "[i]n reality, my hours of employment disproportionately decreased after I reported discriminating treatment from my co-workers" [#15, p.5], nowhere does the AC allege facts concerning any reports of unlawful discrimination, such as when those complaints were made, the content of those complaints, to whom they were made, etc.

14

The closest the AC gets is with the following allegations: "At the (other location) Plaintiff Schone was exposed to unwanted sexual harassment by another co-worker. Reporting this to the store Manager, Schone was told "So what?" In response by (sic) Manager, then told me to write the incident on paper to submit to HR." [#15, p.4 ¶10; *see also id.* p.16.] But these allegations also fail to allege sufficient facts concerning the content of these alleged verbal and written reports, or indeed, any details of the "unwanted sexual harassment" being alleged. While "[s]pecific facts are not necessary," at least some facts are. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Without more, the AC's allegations of making reports are too conclusory.[3] *Khalik*, 671 F.3d at 1191 ("[I]n examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.").

Even were the Court to assume sufficient allegations to plausibly allege Ms. Schone's protected opposition to discrimination, the AC still fails to plausibly allege a retaliation claim when considering elements two and three of the *prima facie* case.

---

[3] The Pre-Charge Inquiry form attached to the AC is consistent with the AC's lack of allegations of protected opposition to discrimination. [#15-2.] On the second page of that form Ms. Schone checked the box for "retaliation." She is then asked to "Check all that apply:" in regard to five-identified forms of protected opposition, as follows: "I filed a charge of job discrimination about any of the above[;]" "I contacted a government agency to complain about job discrimination[;]: "I complained to my employer about job discrimination[;]" "I helped or was a witness in someone else's complaint about job discrimination[;]" or, "I requested an accommodation for my disability or religion[.]" [*Id.*] Ms. Schone checked none of these boxes, nor did she allege any of these options in the AC.

For example, much of what the AC alleges amounts to the types of petty slights, minor annoyances, and simple lack of good manners that is not normally sufficient to support a retaliation claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.") And while other conduct alleged in the AC is of the more egregious variety, the AC alleges such a broadly abusive working environment that it further fails to plausibly allege causation, that is, that Sodexo would not have made its employment decisions respecting Ms. Schone *but for* her protected opposition to discrimination. *Jones,* 617 F.3d at 1277-78; *see also Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) (the "but for" causation standard adopted in *Gross* for ADEA claims applies to retaliation claims under Title VII). As a result the Court also dismiss the retaliation claim.

### 3.   Colorado Anti-Discrimination Act Claims

The analysis for the state law anti-discrimination and retaliation claims is identical to that pertaining to the federal claims, discussed above. See *Agassounon v. Jeppesen Sanderson, Inc.*, 688 Fed.Appx.507, 509 (10th Cir. 2017) (analyzing CADA discrimination and retaliation claims under the same legal standards as Title VII). Therefore, for the reasons stated above, Ms. Schone's CADA claims are also DISMISSED.

### D.   CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED.

DATED: March 10, 2021.

BY THE COURT:

_____

S. Kato Crews
United States Magistrate Judge