The United States Federal District Court

Alfred A. Arraj Courthouse 901 19th Street Denver, Co. 80234

Erin Schone

8238 S. Terrace Creek Circle Sandy, Ut. 84093

(801) 647-1197 eschone1220@gmail.com

Plaintiff

Vs.

Sodexo

S. Baumann @ Littler & Mandelson

1900 16th St. Ste 800 Denver, Co. 80202

Respondent

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:31 am, Jun 21, 2021*
**JEFFREY P. COLWELL, CLERK**

Case # 19-CV-02283-SKC

## MOTION TO HAVE CASE REOPENED.

1- On 10 March 2021 The Courts filed a Dismissal Order of case # 19-CV- 02283-SKC. Defendant Sodexo was notified. However, Plaintiff of this case was not notified. Thus, withholding the legal right of Plaintiff to address this motion asking for reconsideration during the permissible time constraint.

2- Disputed= If proper notice were given to Plaintiff of the Dismissal Decision made on the 10 March 2021 – It is reasonable that Plaintiff would have sought advice from Pro Se Clinic to understand how Plaintiff's submissions in this court proceedings are being rejected and corrected these deficiencies within the allotted time frame – as it is Plaintiff did not have sufficient time to be granted an appointment at the Pro Se Clinic (in March, April, or May 2021 – only being granted copies of both the Court Order and Sodexo response "Bill of Costs" with less than 5 days to respond) and thus, continued to write pleadings making the same mistake resulting in rejection of requests – not because of the lack of worthiness of case but rather the lack of styling to meet court standards to have filed a response that may have prevented Sodexo being granted anything (since the dismissal was awarded simply because lack of proper writing of the briefs.

Erin Schone / Plaintiff

Vs.                                                           Case # 19-CV-02283-SKC

Sodexo/ Respondent

## MOTION TO HAVE CASE REOPENED CONTINUE

3- See generally Mot. The "taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trail court." And "an abuse of that discretion occurs only where the trail court 'bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." Colo. R. Civ. P. 4 As amended through Rule Change 2021(6), effective May 3, 2021 Colo. App. 1992).

4- As stated by "PRACTICE STANDARDS" (Civil Cases) Judge Daniel D. Domenico United States District Court District of Colorado Courtroom 702 Alfred A. Arraj Courthouse Chambers A738, Seventh Floor 901 19th St. Denver, CO 80294:

D. Motions to Dismiss – Fed. R. Civ. P. 12(b) 1. Rule 12(b) motions are discouraged if the defect is correctable by the filing of an amended pleading. Except in cases where a party is proceeding pro se, counsel must confer prior to the filing of the motion to discuss whether an asserted deficiency is correctable by amendment (e.g., failure to plead fraud with specificity) and should exercise their best efforts to stipulate to appropriate amendments. Rule 12(b) motions should not be stated in the alternative as a Rule 56 motion for summary judgment. For Rule 12(b) motions, the following format should be used: a. For each claim for relief that the movant seeks to have dismissed, clearly enumerate each element that the movant contends must be alleged but was not. - 6 - b. The respondent should utilize the same format for each challenged claim. If the respondent disputes a particular element, it should be identified as "DISPUTED" and briefed. If the respondent contends that a sufficient factual allegation has been made in the complaint, the respondent should identify the page and paragraph containing the required factual allegation.

> The question of proper service is a factual question to be resolved based upon a preponderance of the evidence. If a court's jurisdiction is contested by means of a C.R.C.P. 12(b)(1) motion and there are contested issues of fact, the trial court is required to hold an evidentiary hearing to resolve those issues. Werth v. Heritage Int'l Holdings, PTO, 70 P.3d 627 (Colo. App. 2003). Knowledge of a defendant of the pendency of an action cannot be substituted for service of process, for courts acquire jurisdiction in actions "in rem" as well as in actions "in personam" by lawful service of lawful process or by voluntary appearance. Weber v. Williams, 137 Colo. 269, 324 P.2d 365 (1958). A judgment rendered without service, or upon the unauthorized appearance of an attorney, is void, and all proceedings had thereunder are as to all persons, irrespective of notice or bona fides, absolute nullities. Weber v. Williams, 137 Colo. 269, 324 P.2d 365 (1958). Absence of legal service or authorized appearance is jurisdictional, and, without jurisdiction, no judgment whatever will be entered, nor rights acquired thereunder. Weber v. Williams, 137 Colo. 269, 324 P.2d 365 (1958); United Bank of Boulder, N.A. v. Buchanan, 836 P.2d 473 (Colo. App. 1992). When jurisdiction has been obtained by the service of process, actual or constructive, all subsequent proceedings are an exercise of jurisdiction, and however erroneous, they are not void, but voidable only, and not subject to collateral attack. Brown v. Tucker, 7 Colo. 30, 1 P. 221 (1883). It is not incumbent upon a defendant to do anything to make service of process upon him valid or regular. Coppinger v. Coppinger, 130 Colo. 175, 274 P.2d 328 (1954); Weber v. Williams, 137 Colo. 269, 324 P.2d 365 (1958). Proper service question of fact. Whether personal or substituted service on a party has been properly made is a question of fact to be resolved by the trial court. Stubblefield v. District Court, 198 Colo. 569, 603 P.2d 559 (1979); People in Interest of S.C., 802 P.2d 1101 (Colo. App. 1989). 10- Sodexo counsel in page 6 of his argument is intentionally misleading the court. And doing the very things he accuses Plaintiff of. Plaintiff brings factual and pertinent issues to the court concerning this case.

Erin Schone / Plaintiff

Vs.  Case # 19-CV-02283-SKC

Sodexo/ Respondent

## MOTION TO HAVE CASE REOPENED CONTINUE

5- Plaintiffs request this case to be reopened on the grounds that since notice of the Courts discission to award Sodexo a dismissal merely because the briefs were not written correctly (– This is a common Pro Se Litigant hurdle to attempt to overcome to reach justice in the Court system. Designed in such away as if it is its own Universe requiring many years of school just to comprehend the structure, rules, limitations, and justifications of interpretations. Sodexo award of a dismissal is not because this case is baseless and certainly not because the law was not broken, in fact many laws had been broken in addition to Sodexo lack of good faith treatment towards their employees and again from undersigned council. Plaintiff asks the Courts to reopen this case since the rule of law was not followed as citing:

**Colo. R. Civ. P. 121**

Rule 121 - Local Rules-Statewide Practice Standards

**(5) Notification of Court's Ruling; Setting of Argument or Hearing When Ordered.** Whenever the court enters an order denying or granting a motion without a hearing, all parties shall be forthwith notified by the court of such order.