IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02283-SKC

ERIN SCHONE,

    Plaintiff,

v.

SODEXO, INC.,

    Defendant.

---

### MINUTE ORDER RE: PLAINTIFF'S POST JUDGMENT MOTIONS

---

    This Minute Order addresses Plaintiff's post judgment motions. The Court previously dismissed her complaint under Fed. R. Civ. P. 12(b)(6). [Dkt. 27.] Judgment entered against her in favor of Defendant as the prevailing party on March 21, 2021. [Dkt. 29.] Afterwards, Plaintiff filed a motion for discovery which the Court construed as an untimely motion to alter or amend the Court's order dismissing the case, and the Court denied that motion. [Dkts. 33, 37.] The parties, thereafter, proceeded to a hearing on Defendant's proposed bill of costs where the Clerk of Court issued an order directing Plaintiff to pay Defendant $607.50 in costs. [Dkt. 40.] Since entry of that order, Plaintiff has filed three additional motions, which the Court addresses here. [Dkts. 41. 44, 45.] Because Plaintiff proceeds *pro se*, the Court liberally construes her motions without acting as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The Court liberally construes Plaintiff's Motion to have Case Clarification [Dkt. 45] as a motion to clarify whether the Court's dismissal was with or without prejudice. This motion is GRANTED. The Court's Order dismissing the case failed to specify the nature of the dismissals. The Court clarifies as follows: (1) the claims that were deemed abandoned were dismissed *with prejudice*; (2) the federal and state discrimination claims based on race and color were dismissed *with prejudice*; and (3)

1

the state and federal law disability and gender discrimination claims, sexual harassment claim, and retaliation claims were dismissed *without prejudice.*

The Court construes Plaintiff's Motion to Have the Case Reopened [Dkt. 44] as a Fed. R. Civ. P. 60(b) motion, which allows relief from a final judgment, order, or proceeding. As grounds for her Motion, Plaintiff states she did not receive notice of the case dismissal and argues she should have been allowed to amend her claim because she believes her case was dismissed "merely because the briefs were not written correctly." This is insufficient justification to reopen her case under Rule 60(b). Moreover, it is evident from her papers and the record that Plaintiff received a copy of the order dismissing her case likely in March. Thus, she had ample time to seek clarification of the Court's dismissal order or to seek to reopen the case well before she finally did so in June 2021. And the Court must hold Plaintiff to the same standards as it holds attorneys notwithstanding her *pro se* status. *See Abiodun v. Holder,* No. 09-cv-00503-ZLW, 2009 WL 1688767, at *1 (D.Colo. June 12, 2009) (denying motion to reopen notwithstanding assertion by *pro se* plaintiff that he did not receive a copy of a relevant order). Second, the claims dismissed without prejudice were based on Plaintiff's failure to allege plausible claims. That failure is not necessarily synonymous with her argument that her "briefs were not written correctly." Indeed, the Court gave liberal construction to her pleadings, as the Court must. Accordingly, this Motion is DENIED.

Finally, regarding Plaintiff's Motion to Appeal the Clerk Award, the Court construes this as a Rule 54(d)(1) motion seeking the Court's review of the Clerk's award of costs. As the prevailing party, Defendant is awarded costs under Fed. R. Civ. P. 54(d)(1). The parties both attended the Bill of Cost Hearing with the Clerk of the Court on May 12, 2021 (Plaintiff attended the Hearing virtually). The Court notes Defendant's award of costs was significantly reduced – from $4,845.60 down to $607.50 – after the Hearing. In her motion, Plaintiff does not assert, and the Court cannot find, any errors in the Clerk's entry of costs. Accordingly, the Motion is DENIED.

DATED: March 31, 2022.